15-2725-cv
Severstal Wheeling, Inc. Retirement Committee v. WPN Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of August,  two thousand sixteen.

Present:       ROSEMARY S. POOLER,
               GERARD E. LYNCH,
               SUSAN L. CARNEY,
                       *Circuit Judges*.

_____

SEVERSTAL WHEELING, INC. RETIREMENT COMMITTEE,
TIMOTHY S. ROGERS, WILLIAM DREW LANDON, as named fiduciaries of the Wheeling Corrugating Company Retirement Security Plan, the Salaried Employees' Pension Plan of Severstal Wheeling, Inc., RICHARD CARUSO, THE WHEELING CORRUGATING COMPANY RETIREMENT SECURITY PLAN, THE SALARIED EMPLOYEES' PENSION PLAN OF SEVERSTAL WHEELING,

                       *Plaintiffs-Appellees,*

              v.                                        15-2725

WPN CORPORATION, in its own capacity and as a named fiduciary of the Wheeling Corrugating Company Retirement Security Plan and the Salaried Employee's Pension Plan of Severstal Wheeling, Inc., RONALD LABOW, in his individual capacity and named fiduciary of the Wheeling Corrugating Company Retirement Security Plan and the Salaried Employees' Pension Plan of Severstal Wheeling, Inc.,

                       *Defendants-Appellants.*[1]

_____

_____

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Appearing for Appellants:      Daniel Cobrinik, New York, NY.

Appearing for Appellees:       Robert Joseph Barton (Matthew A. Smith, Michael Eisenkraft, *on the brief*), Cohen Milstein Sellers & Toll PLLC, Washington, D.C

Appearing for Amicus
Curiae:                        D. Marc Sarata, Office of the Solicitor (M. Patricia Smith, Solicitor of Labor, G. William Scott, Assistant Solicitor for Plan Benefits Security, Thomas Tso, counsel for Appellate and Special Litigation, *on the brief*) *for* Thomas E. Perez, U.S. Secretary of Labor, Washington, D.C., *amicus curiae in support of plaintiffs-appellants.*

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants WPN Corporation and Ronald LaBow appeal from the August 12, 2015 judgment of the District Court for the Southern District of New York (Swain, *J.*), entered following a bench trial, finding WPN and LaBow liable for breaches of their fiduciary duties arising under Section 3(21)(A)(ii) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A)(ii). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

WPN and LaBow are named fiduciaries of two defined contribution plans sponsored for the employees of Severstal Wheeling, Inc. (collectively, the "Plans"). Appellees include Severstal Wheeling, Inc. Retirement Committee (the "Committee") and other named fiduciaries of the Plans, who sued WPN and LaBow on behalf of the Plans for breaches of their fiduciary duties. Until late 2008, the Plans were funded and maintained through a trust sponsored by the WHX Corporation (the "Combined Trust"). The Combined Trust pooled the Plans' assets with assets from other employee benefit plans sponsored by WHX. After Severstal Wheeling, Inc. separated from WHX, a portion of the assets was transferred from the Combined Trust to a separate trust holding the Plans' assets (the "Severstal Trust"). **[**Before and after the transfer, the Plans were managed by WPN, whose sole employee was LaBow. The district court held that WPN and LaBow breached their fiduciary duties to the Plans by rendering imprudent advice in connection with transferring assets to the Severstal Trust on November 3, 2008 and the subsequent investment of the Plans' assets, and by failing to appropriately manage the assets following the transfer**.**

We review the district court's legal conclusions de novo, *United States v. McCombs*, 30 F.3d 310, 316 (2d Cir. 1994), and we do not set aside its findings of fact unless they are "clearly erroneous," Fed. R. Civ. P. 52(a)(6). A finding of fact is not clearly erroneous "[w]here there are two permissible views of the evidence." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011)(alteration in original). Rather, the district court's findings of fact need

2

only be "plausible"; they need not be the "inevitable" conclusion from the trial record. *Guzman v. Local 32B-32J, Serv. Emps. Int'l Union*, *AFL-CIO*, 151 F.3d 86, 91 (2d Cir. 1998).

The district court found that WPN and LaBow were"investment advisers" to the Plans under Section 3(21)(A)(ii) of ERISA, 29 U.S.C. § 1002(21)(A)(ii) and "investment managers" to the Plans under Section 3(38) of ERISA, 29 U.S.C. § 1002(38). *Severstal Wheeling, Inc. Ret. Comm. v. WPN Corp.*, 119 F. Supp. 3d 240, 263 (S.D.N.Y. 2015). Appellants also concede on appeal that the district court made sufficient factual findings to establish that they were fiduciaries under Section 3(21)(A)(iii) because the agreement between the Severstal Plans and WPN vested LaBow and WPN with discretionary authority and responsibility for the administration of the plans. Investment managers are granted "the power to manage, acquire, or dispose of any asset of a plan," 29 U.S.C. § 1002(38)(A), and are given the exclusive responsibility for managing "any asset of the plan" which is subject to the management of the investment manager, 29 U.S.C. § 1105(d)(1). Under ERISA, investment managers must comply with the fiduciary obligations of Section 404, 29 U.S.C. § 1104. *See Lowen v. Tower Asset Mgmt., Inc.*, 829 F.2d 1209, 1219 (2d Cir. 1987) ("ERISA contemplates that after management authority over Plan assets is delegated to an investment manager . . . the manager becomes a fiduciary to the plan . . . ."); *see also Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 242-43 (2000) ("[A]n investment manager to which [the plan administrator] had delegated investment discretion over a portion of the plan's assets [is thus] a fiduciary."). The fiduciary obligations under ERISA are of "the highest known to the law." *Donovan v. Bierwirth,* 680 F.2d 263, 272 n.8 (2d Cir. 1982). And "at trial, LaBow repeatedly acknowledged that he had a duty to give investment advice to the Severstal Plans and also admitted that he was a fiduciary to the Plans."[2] *Severstal Wheeling, Inc. Ret. Comm.*, 119 F. Supp. 3d at 264.

In late 2008, LaBow directed the treasurer of WHX to transfer all of the assets maintained in an account managed by Neuberger Berman, LLC, from the Combined Trust to the Severstal Trust. On November 3, 2008, the entire contents of the Neuberger account, an undiversified portfolio comprised of mostly energy stocks, were transferred to the Severstal Trust. LaBow and WPN argue that this transfer did not violate ERISA. But the district court's finding of liability was not based only on the transfer itself; rather, the district court held that LaBow breached his fiduciary duties by selecting the Neuberger assets—an undiversified portfolio of energy stocks—as the *only* assets to be transferred to the Severstal Trust, and did so

---

[2] In its memorandum and order entered on April 11, 2014, the district court granted partial summary judgment to Appellees, finding that LaBow and WPN were, at all relevant times, fiduciaries to the Plans under subsection (ii) of Section 3(21)(A), 29 U.S.C. § 1002(21)(A), s*ee Severstal Wheeling, Inc. v. WPN Corp.*, No. 10-CV-954 LTS GWG, 2014 WL 2959014, at *7 (S.D.N.Y. Apr. 11, 2014), and Appellants do not actually contest this finding. Additionally, Appellants concede that the district court implicitly found that they were fiduciaries under subsection (iii) of section 3(21)(A), but challenge that finding as clearly erroneous. Appellees, in contrast, argue that the court's findings establish that LaBow and WPN were also fiduciaries to the Plans under subsections (i) and (iii) of section 3(21)(A). The U.S. Secretary of Labor, as amicus curiae, likewise argues that subsections (i) and (iii) are alternative grounds for affirmance. Because we conclude that LaBow and WPN are fiduciaries under subsection (ii) and (iii), we need not reach the question of whether they could also be found to be fiduciaries under subsection (i).

without informing the Committee before or after the transfer what investments had been transferred, with the knowledge that Neuberger Berman was not going to manage the assets, and without taking any steps to ensure the "ongoing prudent management of the assets." *Id.* at 265. LaBow and WPN's challenge to these determinations largely turns on the district court's assessment of the evidence and its credibility determinations as to expert testimony. "It is within the province of the district court as the trier of fact to decide whose testimony should be credited," and we are "not allowed to second-guess the [district] court's credibility assessments." *Diesel Props S.r.l.*, 631 F.3d at 52. Because LaBow and WPN have not asserted any arguments that suggest, let alone confirm, that the district court's factual findings are "clearly erroneous," we have no basis to set aside the district court's ruling. *See id.*

Appellants additionally argue that the district court erred in finding that they had been granted management control and authority – and thus were fiduciaries under Section 3(21)(A)(iii) of ERISA – because LaBow could not have exercised such authority had he attempted to do so. Even assuming that the inability to actually exercise control over assets could present a defense to a finding that a person is a fiduciary under Section 3(21)(A)(iii) – which requires only the *grant* of discretionary authority, not its actual exercise, *see Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 63 (2d Cir. 2006) – the district court made explicit factual findings rejecting that argument at trial. None of Appellants' arguments indicate that those findings are clearly erroneous.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4